UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DAVID CONLEY and VON CONLEY,           )
                                       )
        *Plaintiffs*,                  )
                                       )
v.                                     )        Case No.  1:10-cv-65
                                       )        Judge Mattice
WHIRLPOOL CORPORATION,                 )
                                       )
        *Defendant*.                   )

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiffs' Motion to Remand [Court Doc. 8].  Plaintiffs seek to remand this action to the Chancery Court for Bradley County, Tennessee because they assert that Defendant has not established that the amount in controversy exceeds the sum or value of $75,000.  Defendant has filed a Response and a Motion for Hearing [Court Doc. 15].

For the reasons stated below, the Court will **DENY** Plaintiffs' Motion to Remand [Court Doc. 8] and Defendant's Motion for Hearing [Court Doc. 15].

## I.      FACTS AND PROCEDURAL HISTORY

The facts of this case and its procedural history may be summarized as follows. Plaintiffs David Conley and Von Conley filed their Complaint against Defendant Whirlpool Corporation in the Chancery Court of Bradley County on February 17, 2010.  (Court Doc. 1-1, Compl.)  In their Complaint, Plaintiffs sought relief relating to a tract of land (the "Disputed Property") between the parties' respective properties.  (*Id.*)  The Disputed Property is approximately fifty (50) feet by three hundred (300) feet. (Court Doc. 8, Pls.' Mot. to Remand at 2.)  Plaintiffs ask the Bradley County Chancery Court to find that they

own the Disputed Property. (Compl. at ¶ 8.)  In the alternative, the Complaint requests that the court grant Plaintiffs an easement by prescription to the Disputed Property.  (*Id.* at ¶ 9.)  No monetary damages are sought.  (*Id.*)

Following service of process, Defendant timely filed a Notice of Removal ("Notice") to this Court on March 23, 2010. (Court Doc. 1, Notice of Removal.) Defendant avers that the Court has jurisdiction pursuant to 28 U.S.C. § 1446, under the authority of 28 U.S.C. § 1332, based on complete diversity of citizenship of the parties.  (*Id.* at ¶ 7.)  With respect to the necessary jurisdictional amount, Paragraph 6 of the Notice states that "[b]ased on the relief requested, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  (*Id.* at ¶ 6.)

Plaintiffs in turn timely filed the instant Motion to Remand on April 8, 2010.  (Pls.' Mot. to Remand.)  In their brief, Plaintiffs contend that Defendant "has not proffered any evidence to meet its burden" that the amount in controversy meets the jurisdictional threshold of $75,000.  (*Id.* at 4.)  Plaintiffs further assert that Defendant's "conclusory statements regarding the amount in controversy are inadequate to confer federal jurisdiction in light of the presumption against federal court jurisdiction."  (*Id.* at 4-5.)  Additionally, Plaintiffs attached tax assessment appraisals of the property in support of the Motion. (Court Docs. 8-1 & 8-2.)  Based on the tax appraisals of the two land parcels, Plaintiffs assert that the small area involved could not possibly be worth more than $75,000.  (Pls.' Mot. at 2.)

Defendant timely filed a Response in Opposition to Plaintiffs' Motion to Remand. (Court Doc. 10, Def.'s Resp. in Opp. to Pls.' Mot. to Remand.)  In the Response, Defendant

asserts that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs. (*Id.*) Defendant argues two bases for this claim by stating that if the Court awards title to the Disputed Property to Plaintiffs, Defendant's property would (1) be diminished in fair market value in excess of $100,000, and (2) require at least $75,000 in modifications. (*Id.* at 1-2.)

Defendant attaches three sworn affidavits to its Response to support these claims. (Court Docs. 12-14.) First, Defendant offers the Affidavit of Kris E. Jankowski, a senior real estate manager of Defendant. Mr. Jankowski asserts that, in the event that the Court finds for Plaintiffs and Defendant loses the Disputed Property area, Defendant's property will be diminished in value by at least $100,000 and Defendant will incur expenditures of over $75,000 to build a new entrance and make modifications to the structure. (Court Doc. 12, Jankowski Aff. ¶¶ 5-6.)

Defendant also offers the Affidavit of Loye Hamilton to establish the fair market value of Defendant's property as it pertains to the adjacent Disputed Property. (Court Doc. 13, Hamilton Aff. ¶ 1.) Mr. Hamilton is a lifelong resident of Bradley County, and a broker/owner of Coldwell Banker Hamilton & Associates LLC in Cleveland, Tennessee. (*Id.*) Based on his knowledge of real estate in the area, Mr. Hamilton states that Defendant's property will be less saleable and will diminish in value by more than $100,000 without the Disputed Property because this area provides access to the main doors of the building and the parking lot. (*Id.* ¶ 5.)

Finally, Defendant offers the Affidavit of John Patteson, the surveyor who surveyed the Disputed Property at issue. Mr. Patteson's Affidavit simply affirms that the maps offered in this case by Defendant reasonably and accurately depict the properties as they

currently exist.  (Court Doc. 14, Patteson Aff. ¶ 4.)

Defendant also provides the Court with a survey drawing depicting the area at issue, including the relation of the Disputed Property to Plaintiffs' and Defendant's property. (Court Doc. 11-1.)

Essentially, Defendant argues that due to the potential costs that would result from an unfavorable outcome, the evidence supports a conclusion that the amount in controversy far exceeds the jurisdictional threshold amount of $75,000 required under 28 U.S.C. § 1332(a). (Def.'s Resp. at 1.)

## II.    STANDARD OF REVIEW

Diversity jurisdiction exists in a United States District Court where a civil claim arises between two citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  Additionally, a defendant may remove a civil case originally brought in state court to a United States District Court if that district court had original jurisdiction. 28 U.S.C. § 1441(a).

A defendant who removes a case to federal court based on diversity jurisdiction bears the burden of establishing, by a preponderance of the evidence, that the requirements for diversity jurisdiction are met.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).  However, if at any time before a final judgment a federal court finds it does not have original subject matter jurisdiction over a case, it shall remand that case to state court. 28 U.S.C. § 1447(c).  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *Id.*

## III.   ANALYSIS

Plaintiffs argue that Defendant has not established that the amount in controversy meets the jurisdictional threshold required by 28 U.S.C. § 1332, that this failure mandates remand of the case to the Chancery Court of Bradley County, Tennessee, and that Plaintiffs should be awarded attorney fees for expenses incurred due to the removal.

Because Plaintiffs in this case do not seek monetary damages from Defendant, the amount in controversy is not easily determined.  Historically, courts have struggled with diversity cases concerning the jurisdictional amount in controversy threshold when the plaintiff requests only injunctive relief.  *See Bedell v. H.R.C. Ltd.*, 522 F. Supp. 732, 735 (E.D. Ky. 1981).  The most difficult types of these cases occur where "the benefit of the action to the plaintiff will have a different value than the burden imposed on the defendant should relief be granted."  14AA Charles Wright, Arthur Miller & Edward Cooper, Federal Practice & Procedure § 3703 (3d ed. 2009).   Accordingly, a split exists over this issue, which has caused courts across the country to adopt three different approaches.  *Bedell,* 522 F. Supp. at 735; *see also* Wright § 3703.

The United States Court of Appeals for the Sixth Circuit has not definitively dictated the approach this Court should follow; therefore, the Court will briefly touch on the three approaches used to determine the amount in controversy before it addresses the evidence.

 The first approach tests "the sufficiency of the amount in controversy from the perspective of the plaintiff."  *Bedell*, 522 F. Supp. at 735.   Because a plaintiff bears the burden to prove a federal court has subject matter jurisdiction in a complaint, some courts adopted this rule to determine whether removal was proper in light of the plaintiff's position.

Wright § 3703. This test is commonly referred to as the "plaintiff's viewpoint" position because it gives significant weight to a plaintiff's position. *Id.* Courts applying this test suggest that it is "likely to produce greater certainty of result and promote simplicity." *Id.*

A second approach takes a more balanced stance; a court will find jurisdiction is proper if, "from the viewpoint of either the plaintiff or the defendant, more than the statutory amount [i]s involved." *Bedell*, 522 F. Supp. at 735 (citing Wright § 3703).

The *Bedell* court adopted a third and final approach. *Bedell*, 522 F. Supp. at 735. With this third approach, courts "'view the amount in controversy from the point of view of the party seeking to invoke federal jurisdiction and thus would look to the plaintiff's viewpoint in a case within the federal courts' original jurisdiction, and to the defendant's viewpoint in a case brought to the federal courts by removal from a state court.'" *Id.* (quoting Wright § 3703). The *Bedell* court distinguished this approach from the other two approaches by reasoning that:

> '[T]he plaintiff's viewpoint rule should not be applied automatically or exclusively in cases in which the choice of viewpoint is significant in relation to the presence or absence of jurisdictional amount.... [W]hen what a plaintiff stands to gain and what a defendant stands to lose are unequal, and where federal jurisdiction is invoked by the party standing to gain or lose more than his adversary the greater gain or the greater loss should be applied as the criterion of jurisdictional amount.'

*Id.* (quoting *Family Motor Inn, Inc. v. L-K Enter. Div. Consol. Foods Corp.*, 369 F. Supp. 766, 769 (E.D. Ky. 1973)).

Although the Sixth Circuit has not ruled on the preferred approach in cases such as this one, the Court will follow *Bedell* and adopt the third approach. Therefore, the Court

will assess Plaintiffs' instant Motion to Remand from Defendant's viewpoint, as Defendant is the party attempting to invoke federal jurisdiction. Under this approach, Defendant has the burden to show the Court–from its viewpoint–that the amount in controversy requirement has been met.

Defendant's argument is supported by three affidavits, which assert two separate monetary consequences that would result if the Court grants Plaintiffs the requested relief. Specifically, the Court finds the Affidavit of Kris Jankowski to be persuasive. Mr. Jankowski is a senior real estate manager at Whirlpool. (Jankowski Aff. ¶ 1.) His affidavit explains the importance of the Disputed Property in relation to the market value of Defendant's property. Mr. Jankowski states that "[t]he Disputed Property constitutes the primary means of ingress to and egress from the plant, the office building, and the employee parking area on the Whirlpool property." (*Id*. ¶ 5.) He further asserts that the Disputed Property is utilized by the employees and visitors to "literally walk into and out of the front main doors of the plant and the front main doors of the office building." (*Id.*) Mr. Jankowski asserts that, due to the nature and current use of the disputed area, Defendant's property will lose $100,000 in market value if the Court finds in favor of the Plaintiff. (*Id.* ¶ 6.) In addition, a ruling against Defendant would require a complete reconstruction of the entrance to the plant and office building, which would entail providing a new reception area, new doors, and new fixtures. (*Id.*) According to Mr. Jankowski, "the costs to perform all of the work necessary to make the aforementioned changes would be in excess of $75,000, exclusive of interest and costs." (*Id.*)

The Court also finds the Affidavit of Loye Hamilton to be persuasive. According to Mr. Hamilton's affidavit, a judgment by the Court awarding the Disputed Property to

Plaintiffs would substantially affect the primary means to enter Defendant's property. (Hamilton Aff. ¶ 5.)  Furthermore, without access to the Disputed Property, Defendant's "employees and visitors could not even enter and exit the front main doors of the plant and office building and access to the parking lot would be substantially limited." (*Id*.)  In his expert opinion, Mr. Hamilton asserts that Defendant's property "would not be as saleable or marketable without Whirlpool having the unrestricted use of the Disputed Property." (*Id.*) In short, Mr. Hamilton's affidavit avers that Defendant's property would suffer a diminution in value of more than $100,000 if the Court were to find in favor of Plaintiffs.  (*Id.*)

Plaintiffs, on the other hand, merely offer evidence in the form of tax assessment documents showing that the value of both parcels of property means that the worth of the small Disputed Property area falls below the required $75,000 judicial threshold.  (Court Docs. 8-1 & 8-2.)  Plaintiffs do not, however, refute any of Defendant's claims that the market value of Defendant's property will be diminished by $100,000 if the Court were to find for Plaintiffs.  Plaintiffs further fail to contradict Defendant's claims that the Disputed Property constitutes the "primary means of ingress to and egress from the plant, the office building, and the employee parking area on the Defendant's property," and that Defendant will have to make expenditures to construct a new entrance if Plaintiffs succeed. (Jankowski Aff. ¶ 5.)

After weighing the evidence presented in this case in the context of Defendant's viewpoint, and in the absence of compelling contradictory evidence from Plaintiffs, the Court is inclined to accept Defendant's contention that the outcome of this case could have a substantial effect on Defendant's property well in excess of the $75,000 judicial threshold.  *See Bedell*, 522 F. Supp. at 735.

In reaching this conclusion, the Court finds the Sixth Circuit's reasoning in *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.,* 567 F.3d 767 (6th Cir. 2009) to be instructive, primarily because the facts in *Northup* are analogous to the facts presented in the instant case. In *Northup*, the jurisdictional issue arose because the case concerned the validity of a lease involving a mineral interest and the parties simply disputed that the value of the land and the lease at issue exceeded the amount in controversy requirement. The Sixth Circuit declined to determine what approach to take, but the *Northup* court took into account the value of the minerals believed to be beneath the land, which bolstered the total value of the land above the jurisdictional threshold required to sustain subject matter jurisdiction in federal court. *Id.* at 770 n. 1, 771. The *Northup* court agreed with the district court's reliance on the affidavits provided by the defendant in that case, which provided testimony concerning the value of the land and addressed the potential effect a judgment in favor of the plaintiff would have on the defendant's interest in the land and underlying minerals. *Id.* at 770-71.

The Court finds the evidence in this case similar to the evidence presented in *Northup*, and the Court will follow the Sixth Circuit's reasoning in that case. Had Plaintiffs offered evidence refuting the potential loss or necessary expenditures advanced by Defendant, this might have been a closer question; however, after adopting the test relied upon by the *Bedell* court and reviewing the evidence, the Court finds that Defendant provides sufficient evidence that the amount in controversy more likely than not exceeds the jurisdictional amount. Moreover, based on the evidence presented by both parties, the Court does not see any benefit to holding an evidentiary hearing on this Motion.

Having determined that the case will not be remanded to state court, the Court now turns to Plaintiffs' request for attorney fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because the Court denies Plaintiff's Motion to Remand, there is no basis for an award of attorney fees to compensate Plaintiffs for expenses incurred as a result of the remand.

## IV. CONCLUSION

For the reasons stated above, and pursuant to 28 U.S.C. § 1447(c), the Court **DENIES** Plaintiff's Motion to Remand [Court Doc. 8] in its entirety. The Court further **DENIES** Defendant's Motion for Hearing [Court Doc. 15].

**SO ORDERED** this 1st day of March, 2011.

_/s/Harry S. Mattice, Jr._
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE